TRUSTEES OF THE METHODIST EPISCOPAL CHURCH IN THE TOWNSHIP OF DEPTFORD, IN THE COUNTY OF GLOUCESTER,

*v.*

CHARLES HAMMELL et ux. et al.

[Submitted June 12th, 1907. Decided August 30th, 1907.]

1. A legacy is chargeable upon lands devised by the same will where the personal estate has been exhausted.

2. On a bill to charge a legacy upon devised lands the executor is a necessary party.

**3.** Where, on a bill to charge a legacy upon devised lands, no objection was made until all the testimony was taken upon final hearing that the executor was not made a party, complainant will be allowed to amend the bill by adding the executor as a party defendant, it appearing that the amendment was necessary to the ends of justice, and will in no way embarrass defendant's right of defence.

On final hearing on pleadings and proof.

*Mr. Joseph J. Summerill,* for the complainant.

*Mr. Ernest Redfield, Mr. Robert Sparks* and *Mr. Robert S. Clymer,* for the defendants.

HOWELL, V. C.

I am satisfied of the justice of the claim made in the complainant's bill, and if the case were in proper condition as to parties I would be willing now to advise a decree in accordance with the prayer of the bill.

The bill is filed by a legatee under the will of Mary G. Young to charge its legacy on lands devised to the defendant Hammell by the same will. The testimony satisfies me that the personal estate has been exhausted, and the case of *Corwine* v. *Corwine, 24 N. J. Eq. (9 C. E. Gr.) 579,* and other cases cited by com-

plainant are authority for charging complainant's legacy on defendant's lands.

Yet a decree cannot be made for complainant in the absence of Mrs. Young's personal representative who is not a party to the suit. He is a necessary party. *Congregational Church of White River* v. *Benedict, 59 N. J. Eq.* (*14 Dick.*) *136; affirmed, 62 N. J. Eq.* (*17 Dick.*) *812.* No objection was made to this defect in the cause until after all the testimony had been taken on the final hearing. The objection having been sustained complainant's counsel then moved to amend the bill by adding the executor as a party defendant.

I think that the amendment should be made and that the hearing should stand over until the executor shall have been brought in and had opportunity to answer.

Defendant's counsel objected on the ground that it was too late to make the application; that having gone to final hearing there was no remedy except to dismiss the bill, as was done in the *White River Church Case,* above cited. There were so many reasons for dismissing the bill in that case that could not be obviated by amendment, that it is no wonder that a motion was not made to amend on the ground of absence of the personal representative. If that had been the only ground of defence available, I have no doubt but that the court would have considered such a motion.

I think if I were compelled to dismiss the bill in this case that I should do it "without prejudice," but I do not think I am compelled to do so. The complainant has moved to perfect his bill by amendment. In my opinion the amendment asked for is necessary to the ends of justice, and will in no way abridge or even embarrass the defendants' right of defence, and, therefore, it should be made.

The authorities for this course are numerous. *Midmer* v. *Midmer, 26 N. J. Eq.* (*11 C. E. Gr.*) *299; affirmed, 27 N. J. Eq.* (*12 C. E. Gr.*) *548; Ogden* v. *Thornton, 30 N. J. Eq.* (*3 Stew.*) *569;* reversed on other grounds, *32 N. J. Eq.* (*5 Stew.*) *723.*

The amendment must, however, be on terms. The complainant should pay all the taxed costs of the defendants after the

filing of their answer, and the amendment should be perfected and subpœna issued for the new defendant within five days from the date of the order.